# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 83

*April Term, A.D. 2020*

*June 24, 2020*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-20-0003

JOHN C. HOARD, WSB # 5-2000,

Respondent.

## ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein June 2, 2020, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (Stipulated Discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent John C. Hoard should be publicly censured for his conduct.  It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that John C. Hoard is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Public Censure; and it is further

[¶ 4]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Hoard shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Hoard shall pay the total amount of $800.00 to the Wyoming State Bar on or before August 31, 2020.  If Mr. Hoard fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent John C. Hoard.

[¶ 8]   **DATED** this 24th day of June, 2020.

**BY THE COURT:**

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JUN 02 2020

PATRICIA BENNETT, CLERK
by DEPUTY

BEFORE THE SUPREME COURT

STATE OF WYOMING

*In the matter of* )
*JOHN C. HOARD,* )     *Docket No. 2019-033*
*WSB No. 5-2000,* )
)     **D-20-0003**
*Respondent.* )

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 21st day of May, 2020, for consideration of the parties' Amended Stipulation for Public Censure pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Christopher Hawks (Chair), Katherine A. Strike and Carolyn Orr. Mark W. Gifford, Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent John C. Hoard appeared without counsel. The Review Panel having reviewed the Amended Stipulation, the supporting Amended Affidavit and being fully advised in the premises, finds, concludes and recommends:

### Findings of Fact

1.     Respondent has been licensed to practice in Wyoming since 1982 and maintains an active practice of law in Casper, Wyoming.

2.     The above-captioned proceeding was initiated upon Bar Counsel's receipt of a complaint from SE, a former client of Respondent. Bar Counsel's investigation established clear and convincing evidence of the following facts to which the parties stipulate:

    a.     SE hired Respondent in June 2017 for the purpose of filing a Chapter 7 bankruptcy. SE paid a retainer to Respondent. Initially, filing of the bankruptcy petition

was delayed because SE was diagnosed with a serious illness in the fall of 2017 and underwent several months of medical treatment.

b. In late April 2018, SE instructed Respondent to proceed with the filing of a Chapter 7 petition. Respondent did not timely comply with the client's direction. In March 2019, frustrated over Respondent's lack of diligence in getting the Chapter 7 petition filed, SE terminated Respondent's services.

c. SE retained new counsel. SE's new counsel informed her that she was no longer eligible for a Chapter 7 proceeding and would have to file a Chapter 13 petition instead. The Chapter 13 plan obtained by SE's new counsel in September 2019 required SE to make more than $44,000 in payments to creditors. These payments would not have been required had Respondent filed a timely Chapter 7 petition. SE became income-ineligible to file a Chapter 7 petition in January 2019.

3. Respondent conditionally admits, and the Review Panel so finds, that he violated Rule 1.3 (diligence) of the Wyoming Rules of Professional Conduct in his representation of SE.

4. The parties stipulate, and the Review Panel so finds, that Respondent's mental state was negligence.

5. Respondent concedes, and the Review Panel so finds, that his failure to file a timely Chapter 7 petition for SE resulted in financial harm to his client.

6. The parties agree, and the Review Panel so finds, that aggravating factors include (1) substantial experience in the practice of law and (2) vulnerability of the client. Mitigating factors include: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; and (3) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings.

2

7. Respondent concedes, and the Review Panel so finds, that in consideration of the foregoing factors, a public censure is the appropriate sanction for the conduct to which Respondent has conditionally admitted.

8. If the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order of public censure to Casper attorney John C. Hoard. The public censure stemmed from Hoard's lack of diligence in representing a client in a bankruptcy matter. The client became frustrated with Hoard's failure to file a Chapter 7 bankruptcy petition though the client had instructed Hoard to proceed with the bankruptcy many months before. When the client obtained other counsel, the client learned that she had become income-ineligible to file a Chapter 7 bankruptcy two months before she terminated Hoard. The client's new counsel proceeded with a Chapter 13 petition instead. As a result, the client was required to make $44,000 in payments to creditors that would not have been necessary had Hoard filed a timely Chapter 7 petition on the client's behalf. In approving the stipulation of Hoard and Bar Counsel for a public censure as the appropriate sanction for Hoard's lack of diligence, the Court ordered Hoard to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## Conclusions of Law

9. Rule 1.3., W.R.Prof.Cond., provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

10. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

> 1. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
> 2. Whether the lawyer acted intentionally, knowingly, or negligently;
> 3. The amount of the actual or potential injury caused by the lawyer's misconduct; and
> 4. The existence of any aggravating or mitigating factors.

3

11.    First Factor: The Duty Violated. Respondent's violation of Rule 1.3 calls into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

4.41    Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42    Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

12.    Second Factor: The Lawyer's Mental State. The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

13.    Third Factor: Actual or Potential Injury. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a

4

reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

14.     Fourth Factor: Aggravating and Mitigating Factors. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1     *Generally*
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2     *Aggravation*
    9.21    *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
    9.22    *Factors which may be considered in aggravation.* Aggravating factors include:
        (a) prior disciplinary offenses;
        (b) dishonest or selfish motive;
        (c) a pattern of misconduct;
        (d) multiple offenses;
        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
        (g) refusal to acknowledge wrongful nature of conduct;
        (h) vulnerability of the victim;
        (i) substantial experience in the practice of law;
        (j) indifference in making restitution; and
        (k) illegal conduct, including that involving the use of controlled substances.

9.3     *Mitigation.*
    9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
    9.32    *Factors which may be considered in mitigation.* Mitigating factors include:
        (a) absence of a prior disciplinary record;
        (b) absence of a dishonest or selfish motive;
        (c) personal or emotional problems;
        (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.    That Respondent receive a public censure for violations of Rule 1.3, W.R.Prof.Cond.

2.    That, upon issuance of the order of public censure, the foregoing press release may be issued.

3.      That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 21st day of May, 2020.

Christopher H. Hawks, Chair
Review Panel of the Board of Professional Responsibility
Wyoming State Bar

7